UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| DWAIN FIELDS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 1:11-CV-147-BL |
| LOUIS PALACIOS, | § | ECF |
| *et al.,* | § | |
| | § | |
| Defendants. | § | |

### ORDER TO DISMISS WITH PREJUDICE AS FRIVOLOUS

Dwain Fields, Texas inmate # 721995, filed suit under 42 U.S.C. § 1983 complaining that Defendants subjected him to cruel and unusual punishment (Doc. 1). The case was referred to the United States Magistrate Judge for screening pursuant to 28 U.S.C. §§ 1915 and 1915A.

On September 30, 2011, Fields gave his consent to proceed before the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c), and on October 13, 2011, the court held an evidentiary hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

### I. FACTUAL BACKGROUND[1]

Dwain Fields is an inmate confined to the Daniel Webster Wallace Unit ("Wallace Unit") in Colorado City, Texas. While serving out his term of imprisonment, Fields was employed as a sewing machine operator in the prison's garment factory. On August 11, 2009, however, another inmate did not show up for work and Fields was instructed to operate the electric snap machine.

---

[1] The facts stated herein are a summary of the factual claims asserted by Plaintiff in his complaint and *Spears* hearing testimony. To the extent that Plaintiff chose to submit other supporting documents to the court, such documents have been utilized in setting forth the facts.

During his operation of the electric snap machine, Fields inadvertently pressed the machine's operation pedal while his finger was located under the safety ring. The machine crushed his finger and caused irreparable nerve damage. Fields underwent surgery to repair the multiple fractures in his finger. He is seeking declaratory relief, compensatory damages, and punitive damages.

## II. JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the court must evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a Defendant who is immune from such relief. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990); 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2). A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993). A claim has no arguable basis in law or fact if it is based on an indisputably meritless legal theory or if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A questionnaire or evidentiary hearing may be used to assist the court in determining whether the case should be dismissed under these provisions. *See Watson*, 525 F.2d at 892 (use of questionnaire); *Spears*, 766 F.2d 179 (use of an evidentiary hearing).

## III. ANALYSIS

### A.   Eighth Amendment Claims

Fields contends that the electric snap machine was defective because it should have detected his finger under the safety ring and not turned on when he inadvertently pressed the pedal. He claims that the Defendants were aware of the machine's defect and that their failure to provide a safe

electric snap machine constituted an unsafe condition in violation of the Eighth Amendment.

In order to establish an Eighth Amendment conditions of confinement claim, Fields would have to establish "first, that the deprivation alleged was sufficiently serious (i.e., an official's act or omission must have resulted in the denial of 'the minimal civilized measure of life's necessities'); and second, that the prison official possessed a sufficiently culpable state of mind." *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). The requisite state of mind is whether "the official acted with deliberate indifference to inmate health or safety." *Id*. "Deliberate indifference is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation marks and citation omitted). A prison official acts with deliberate indifference "only if [ (A) ] he knows that inmates face a substantial risk of serious bodily harm and [(B)] he disregards that risk by failing to take reasonable measures to abate it." *Id*. (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)).

Here, Fields's *Spears* testimony did not demonstrate that the Defendants were aware that he faced a substantial risk of serious bodily harm. According to Fields testimony, he had operated the snap machine on several other occasions without injuring himself, and the machine's normal operator, Keith Bass, had safely operated the machine for "several years." The only other person that suffered an injury using the machine was its first operator, Russel Smith, and his injury was caused by an "accident." Given that the machine had been safely operated by at least two different individuals, including Fields, over the course of "several years," the court is unable to find that the Defendants were aware that Fields faced a substantial risk of serious bodily harm. Further, to the extent that Fields alleges that a substantial risk of harm existed, he failed to demonstrate that the Defendants disregarded that risk by failing to take reasonable measures to abate it. Fields testified

that following the injury suffered by Russel Smith, work was done on the machine to repair it. These repairs apparently were successful because no injuries occurred for "several years." Fields also testified that prior to operating the machine, on at least three occasions, he was given written instructions and guidelines regarding the safe operation of the electric snap machine. This testimony sufficiently demonstrates that the Defendants took reasonable measures to abate any risk that they perceived. Consequently, Fields has failed to demonstrate that the Defendants acted with deliberate indifference

Having carefully considered Fields's allegations, his claim of cruel and unusual punishment lacks an arguable basis in law or fact, and is therefore **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

### IV. CONCLUSION

The court finds that Plaintiff has failed to state a cognizable claim for cruel and unusual punishment and all such claims are **DISMISSED WITH PREJUDICE AS FRIVOLOUS.**

Judgment shall be entered accordingly. This dismissal shall count as a qualifying dismissal under 28 U.S.C. § 1915(g) and *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996). Dismissal of this action does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed. *See Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

Any pending motions are **DENIED**.

A copy of this order shall be sent by first-class mail to all parties appearing *pro se.* Any attorney of record shall be notified electronically or by first-class mail.

**SO ORDERED**.

DATED this 31st day of October, 2011.

_____
**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**